Wilde J.
afterwards drew up the opinion of the Court. There seems to be no legal ground on which the defence set up in this case can be supported. The action is founded on a negotiable promissory note of hand made by the defendant, and indorsed for a valuable consideration by the payee to the plaintiff. It was purchased at a large discount, it being understood that the defendant had been unfortunate in business, and that his ability to pay was doubtful. And it was offered to be proved at the trial, that at the time of the purchase the plaintiff represented himself as the friend of the defendant, and promised that he would not trouble him. This representation and promise were made to the indorser ; it was without any consideration moving from the defendant, and is altogether too loose and indefinite to discharge the defendant from his legal liability, or in any measure to impair the obligation of his contract. It does not appear that the defendant has offered to perform the conditions of the intended favor. But if such an offer had been made, the plaintiff would not have been bound in law to accept it. A promised favor or gratuity cannot be demanded as a legal right, and may be withdrawn by the promiser without subjecting him to the imputation of fraud. For however reprehensible it may be to excite false hopes, and although a promise merely voluntary may bind the conscience, yet it has no binding quality in law, and cannot be enforced. The breach of such a promise is not fraudulent, for in a court of law no one can be charged with fraud for asserting his legal rights. Courts of law can only look to the legal rights and liabilities of the parties. Now here a valid contract was proved, and a legal transfer. The defendant is justly indebted to the full amount of the note, and if he were able to pay, there certainly would be no hardship or injustice in compelling him to perform his contract. But his inability does not discharge or qualify his legal obligation. It follows, therefore, that the plaintiff is entitled to recover the full amount of the note. If this had been an accommodation note, it would materially vary the case ; in that case the plaintiff could only recover the amount paid for the note ; as was decided by Lord Kenyon in the case of Wiffen v. Roberts, 1 Esp. R. 261.

Motion to take off the default overruled.